IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CINDY MAE K.,[1]

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:20-cv-00162-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

    Plaintiff Cindy K. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Title XVI Social Security Income ("SSI") and Title II Disability Insurance Benefits ("DIB") under the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for the immediate payment of SSI benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Born in 1962, plaintiff alleges disability beginning July 31, 2010, due a history of strokes, carpel tunnel syndrome, hearing loss, vision and memory problems, and knee, shoulder, and ankle pain. Tr. 196-201. Her applications were denied initially and upon reconsideration. Tr. 98-106, 114-19. On August 23, 2018, a hearing was held before an Administrative Law Judge ("ALJ"); plaintiff failed to appear, however, her attorney was present and a vocational expert ("VE") testified. Tr. 30-41. On November 14, 2018, the ALJ issued a decision finding plaintiff not disabled. Tr. 12-24. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At step two, the ALJ determined plaintiff's "obesity, carpal tunnel syndrome, carotid artery stenosis, essential hypertension, left knee osteoarthritis, right knee degenerative joint disease, and mild hearing loss" were medically determinable and severe. Id. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 18.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) except: "balance is unlimited, ramps and stairs are frequent, stooping and kneeling are frequent, occasional ropes, ladders and scaffolds, crouch, and

crawl; bilateral handling and fingering are frequent; and she needs to avoid exposure to loud noise." Tr. 18-19.

At step four, the ALJ determined plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ concluded that plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," such as companion. Tr. 23-24.

## DISCUSSION

Plaintiff argues that the ALJ erred "at Step Five by finding that there was a significant range of jobs [she] could perform in the national economy." Pl.'s Opening Br. 6 (doc. 12). Specifically, plaintiff asserts that the ALJ's reliance on a single occupation violated Rule 202.00(c) of the Medical Vocational Guidelines ("Grids"). Id. at 7. As a result, plaintiff contends that she is disabled under Grid "Rule 202.07 . . . as of her fifty fifth birthday."[2] Id. at 8-9.

The Commissioner concedes harmful legal error, "agree[ing] with Plaintiff that the ALJ's step five finding lacks substantial evidence [as of] the date Plaintiff is considered 55 years of age." Def.'s Resp. Br. 1-2 (doc. 13). The Commissioner nonetheless argues that this case should be remanded for further proceedings to allow the ALJ to obtain additional VE testimony. Id. at 2-4. Essentially, the Commissioner argues that the ALJ should get a second chance to question the VE to confirm whether plaintiff is truly limited to a single occupation based on her transferrable skills. Id. at 5.

---

[2] As discussed herein, plaintiff turned 55 on September 1, 2017, and "changed category to advanced age." Tr. 23; see also Tr. 173 (SSI application listing September 1, 1962, plaintiff's date of birth). Given that plaintiff's date last insured for the purposes of her DIB claim is December 31, 2015, this appeal exclusively concerns SSI benefits. Tr. 15.

Page 3 – OPINION AND ORDER

Thus, the sole issue in this case is the proper legal remedy. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1090-1100 (9th Cir. 2014). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011); see also Dominguez v. Colvin, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

Upon review of the record, the Court finds remand for the immediate payment of benefits as of plaintiff's 55th birthday is the proper remedy. As noted above, it is undisputed the ALJ committed reversible error. In addition, a plain reading of the underlying decision confirms that the ALJ neglected to apply the proper legal standard in determining whether plaintiff was disabled at step five. In particular, there are two ways that the Commissioner can meet his step five burden: by applying the Grids or considering the testimony of a VE. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). The Grids consist of a matrix of combinations relating to four vocational factors: age, work experience, education, and physical ability, and are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." Id. at 1101. If "a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006) (as amended). "Where application of the grids directs a finding of disability, that finding must be accepted" by the Commissioner.

Page 4 – OPINION AND ORDER

Maxwell v. Saul, 971 F.3d 1128, 1130-31 (9th Cir. 2020) (citation and internal quotations and brackets omitted).

As of the date of the ALJ's decision, plaintiff had reached "advanced age" (55 years and older), possessed a substantially uniform level of impairment, was limited to light work, could no longer perform past relevant work, and had transferable skills, such that "grid Rule 202.07 governs her case." Id. at 1131; Tr. 18-19, 24. However, Rule 202.07 also directs the Commissioner to consult Rule 202.00(c) under the present circumstances.[3] Lounsburry, 468 F.3d at 1116. Rule 202.00(c) provides:

> for individuals of advanced age who can no longer perform vocationally relevant past work and . . . who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity[,] the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(c). As such, "if such a claimant's skills are not readily transferable to a 'significant range of work,' the ALJ must find her disabled [because] the most difficult problem that [this claimant] faces is that of adapting to a new job." Maxwell, 971 F.3d at 1131 (citation and internal quotations and ellipses omitted).

At the hearing, the VE identified only one occupation to which plaintiff's skills were transferrable, that of companion.[4] Tr. 35-38. Lounsburry expressly held that one occupation did

---

[3] The ALJ failed to meaningfully apply the Grids and instead relied exclusively on VE testimony. Tr. 23-34. Specifically, the ALJ found that, based on the VE's testimony, plaintiff could perform the representative occupation of companion, which, when coupled with her "age, education, and transferrable work skills [dictated a finding of] 'not disabled' [under Grid] Rule 202.15 and Rule 202.07." Tr. 23-24. As such, the ALJ subverted the typical analysis, as well as completely overlooked Grid Rule 202.00(c).

[4] The VE identified three representative occupations that were light exertion and unskilled, indicating "those are just some examples." Tr. 36. In contrast, when responding to the ALJ's question concerning whether plaintiff possessed "transferrable skills to light work," the VE identified only one job after pausing to review the DOT. Tr. 35-38. Thus, while the Commissioner

Page 5 – OPINION AND ORDER

not constitute a significant range of work, irrespective of the incidence of these jobs in the national economy, and the Ninth Circuit recently reaffirmed this holding in Maxwell. Lounsburry, 468 F.3d at 1116-18; see also Maxwell, 971 F.3d at 1131-32 ("identification of two occupations is insufficient to satisfy the 'significant range of work' requirement of Rule 202.00(c)," such that a finding of disability was appropriate under Rule 202.07).

The Commissioner has proffered no meaningful distinction between the present case and Lounsburry or Maxwell, both of which reversed the ALJ's decision and "remanded for the award of benefits" as of the claimant's 55th birthday. Id.; see also Rustamova v. Colvin, 111 F.Supp.3d 1156, 1165 (D. Or. 2015) (remanding for the immediate payment of benefits, explaining that, "[w]hen the Commissioner fails to meet [her step five] burden, the claimant is disabled") (collecting cases). In fact, as plaintiff denoted, "the identified occupation [in this case] – 'companion' – is the same occupation at issue in Lounsburry." Pl.'s Reply Br. 2 n.2 (doc. 17) (citing Lounsburry, 468 F.3d at 1113).

Accordingly, the Court declines to diverge from this precedent, and therefore finds that the record has been fully developed and there are no outstanding issues, such that further proceedings would not be useful. Finally, the Commissioner does not argue, nor does the record as a whole

---

is correct that the VE did not definitely state that plaintiff's transferable skills limited her solely to the occupation of companion (because the ALJ failed to so inquire), the tone and context of her testimony, coupled with plaintiff's range of past relevant work, suggests as much. See Tr. 34-35 (VE testifying that plaintiff has only one past relevant occupation, that of home healthcare aide, which was generally performed at the medium exertion level and actually performed at the heavy exertion level). In any event, the Ninth Circuit has expressly and repeatedly cautioned against the type of remand the Commissioner advocates for in this case. See Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) ("our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose'"); see also Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication").

Page 6 – OPINION AND ORDER

suggest, the existence of serious doubt concerning whether plaintiff is disabled under the Grids as of her 55th birthday.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and this case is REMANDED for the immediate payment of SSI benefits beginning on September 1, 2017 (i.e., plaintiff's 55th birthday).

IT IS SO ORDERED.

DATED this 24th day of November, 2020.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge

Page 7 – OPINION AND ORDER